Appeal 18-1018 Johnathan Shapiro v. Gerard Boulanger I represent Mr. Boulanger in his appeal from the denial of his petition for relief under 28 U.S.C. Section 2255. The principal issue I want to address this morning is whether Mr. Boulanger's New Hampshire convictions of unarmed and armed robbery constitute violent felonies under the Armed Career Criminal Act, the ACCA. If, as we argue, they do not, then Mr. Boulanger's sentence of 376 months as a felon in possession of a firearm cannot stand. Now, the New Hampshire statute at issue here provides that, and I quote, a person commits the offense of robbery if, in the course of committing a theft, he uses physical force on the person of another, and such person is aware of such force. I want to emphasize that. The statute requires, as an element of the offense, that the person, the alleged victim, be aware of the use of force by the defendant. In Johnson 1, the Supreme Court held that under the force clause of the ACCA, physical force means violent force. That is, force capable of causing pain or injury to another person. Therefore, under the categorical approach, the New Hampshire robbery conviction will not qualify as a predicate under the ACCA unless an element of the offense requires proof that the defendant used violent force. If the least culpable conduct for which there is a realistic possibility that a defendant can be convicted requires a lesser degree of force than violent force, the conviction will not constitute a violent felony under the ACCA. Now, recently, just last year, in Stokely versus the United States, the Supreme Court held that a conviction under a Florida robbery statute required that the defendant use the amount of force necessary to overcome a victim's resistance qualified as a violent felony under the ACCA. We're having some difficulties, Dan. Yes, excuse me, Attorney Shapiro, this is Dan Toomey. We're having a little trouble. Sometimes you're fading out or you're freezing. Just be cognizant. We missed the last 30 seconds of your speaking. If you could repeat yourself for the judges. In Stokely, last year, the Supreme Court held that a conviction under a Florida robbery statute, which incorporated the common law principle that robbery required that the defendant use the amount of force necessary to overcome a victim's resistance qualified as a violent felony under the ACCA's force clause. The government argued that Stokely requires the same result here. However, a defendant can be convicted under the New Hampshire robbery statute when he uses a lesser degree of force than that necessary to overcome the victim's resistance. And such a conviction, therefore, cannot be a violent felony under the ACCA. Indeed, much like the Massachusetts statute, which this court held was not a violent felony in Starks, the New Hampshire statute requires only that the defendant use physical force that the victim is aware of that force. But, counsel, Massachusetts and New Hampshire, the state Supreme Courts have interpreted their robbery statutes, despite the similarities in language, differently. And as I see it, your client's with the New Hampshire Supreme Court's decision in Goodrum, which does indicate that New Hampshire requires a greater degree of force than does Massachusetts or Maine. Well, we disagree with that, your honor. We think the only decision, or the only impact of Goodrum, which is a very brief procurium opinion, is to hold that... Attorney Shapiro, if you can hear us. I'm sorry, Judge. Attorney Shapiro? Attorney... I'm sorry, Judge. It seems that he may be frozen more permanently this time. We can remove him from the meeting and... Oh, Attorney Shapiro? Can you hear me? We can now. We've paused for about 20 seconds. You were frozen again. It was good for a while, but not for the last 20 seconds or so. If you could repeat what you were saying. Okay. Well, what I was saying was that New Hampshire Supreme Court decision in Goodrum, which is a very brief procurium decision, decides only that a push or a shove is sufficient force to constitute a robbery under New Hampshire law. It does not, however, say that the lesser force, which we think the statute requires, would not also lead to a conviction. And we think that the legislative history makes it clear that lesser force is necessary. And... I can't hear Judge Barron. Can you hear me now? Yes, I can hear you now. Okay. I was muted as well. On the legislative history point, there is... I find it, frankly, a little bit hard to construe, but there seems to be a reference that the handbag snatcher is not covered by the statute. Now, if that's right, then that does seem to make it a very different statute than the Massachusetts one. At least our cases have seemed to emphasize that if it picks up just the person who snatches the purse or handbag out of the hands, that would be enough to create awareness, but that's not enough to be violent or something more than that's necessary. But if this statute excludes the handbag snatcher, then it seems to be quite different from the Massachusetts statute. Well, if you look at the legislative history, which is the only thing we have, the commission report, I think it's clear from the commission report that the handbag snatcher is not excluded from the statute if the victim is aware of the use of force. But the statute does say that the purse snatcher who snatches... That hurts you. That hurts your position. I think he's frozen again. I think that's right. Hi, Attorney Shapiro, you froze again. If you could go back about 10 or 12 seconds, I'm sorry. Yeah, what I was asking you was, I think if that's your position, at least as I understand it, that would hurt you because if the handbag snatcher is covered when the person is aware of the handbag snatching, in other words, they're aware of the force used. If the force used to snatch the handbag is merely force of a kind that could make you aware of it, then it doesn't... Then it's a problem. But if it's... It seems a little bit redundant. I just don't fully understand how you're construing what force would mean in the statute in your example with respect to the handbag snatcher. Can you hear me? Now I can. Can the court hear me? Yes. Yes. Okay. I'm sorry, Judge Thompson. It seems it's not going to write itself. I wonder if it'd be better if he called in for the rest of the argument just by phone. I can do that. We can do that, Judge, if you'd like. I don't... Well, I mean, the only other option is to have him call in or take the case on the briefs. We could take the... I mean, the briefs make the arguments very clear. Yeah. We can take the case on the briefs. Can you hear me now? Yes, Counselor. Can you... Judge Barron? I can hear him. Can you hear me? Yeah, but what about the option, Judge Barron? I mean, I guess my thought is if Attorney Shapiro doesn't mind calling in for the balance of his call and then proceeding just as we had by video for the rest of it, I would benefit from it. But I want to make sure you feel like you're being treated fairly if you're not able to appear by video for the balance of your time. All right. Excuse me. Yes, Attorney Shapiro, on the email link that we sent you, there was a telephone number. Do you have that? I'm going to right now. Okay. I'm going to remove your video from the meeting. I'm sorry, Judge, I hope that we get him right back. And as soon as he gets in, I'll admit him as a telephone caller. Okay. We're actually trying to call him now, Judge. Okay. Hello? Attorney Shapiro, can you hear us? I can. Thank you, Attorney Shapiro. The judges are on the line. I'm going to mute my audio. You should just engage in this as a phone call from your end. Okay? Okay. I'm sorry to have caused this problem. Thank you. Okay. So, Judge Barron, can you hear me now? Yes. Okay. Well, I think the legislative history makes it clear, number one, that a purse snatcher who snatches a purse and the victim is not aware of the snatching, the New Hampshire statute doesn't cover it. But a purse snatcher who does use force to commit the theft and that the victim is aware of the theft, that that would be covered by the statute. And I just want to call your attention specifically to that part of the legislative history which says that. Now, this is in our addendum on page 36. The report says that the requirement that the victim be aware of the use of force does, quote, serve to preclude from conviction the clumsy pickpocket whose ineptitude falls short of arousing the victim to the danger. Now, I think from that, it follows that a pickpocket who does arouse the victim to the danger can be convicted regardless of the degree of force that he uses. Now, where, as this court said in Starks, a robbery statute only requires force sufficient to make the victim aware of the theft, it may involve no more force against the victim than a mere touching. And so we say here that the use of force which is sufficient to make the victim aware does not necessarily require the force required by Stokeling that it be sufficient to overcome the resistance of the victim. So we think that I got it. We think Starks is good law. I don't know if my colleagues want to stay on this issue. If they do, I won't ask about it. But I'd like you to address the Ellison issue before you. Yeah, that's fine with me, Judge Brown. To address which issue? The Ellison issue and whether the mens rea and recklessness that poses a reason to conclude that that offense is not covered. Well, under 924C, we think that the statute which requires force or violence or intimidation is not sufficient to limit the or to require the use of violent force and particularly the use of the language intimidation which under the statute can require less than any degree of force and nevertheless would sustain a conviction under that portion of the statute. Maybe you could just this question for me. In Ellison, we said that the right way to construe the statute or at least a similar statute with respect to intimidation would be that the defendant would have to know that they were putting the risk of bodily putting the target of their actions at risk of bodily harm, at least in an objective sense. They would know that there was that risk. As I understand it, you're saying that the knowledge of engaging in that risk is effectively is a mens rea of mens rea with respect to the risk, a mens rea of recklessness with respect to the risk, and that's not enough under our cases, which was Bennett, but then Bennett got mooted out. I think it's Widley is the follow on case to that. Is that the argument? Yes, I think that's our position. So one question that in Bennett and Widley, when we rejected recklessness as enough of a mens rea, we gave the example of a state statute, which would hold you to have committed the crime of assault with a dangerous weapon because of your reckless conduct in drunk driving. And at least my understanding is we emphasize that the known victim of taking that risk was very diffuse. You weren't doing it against anyone, and that the statute refers to against in defining violent felony or crime of violence. I can't remember exactly the term, and that played great weight in our analysis. Here, when you're intimidating somebody and committing a bank robbery, it's quite clear against whom you are exercising the action that intimidates them. So while it might be reckless of you rather than intentional to put them in fear of bodily harm, there's no question against whom you're doing it. So why wouldn't that distinguish this case from a case like Widley? Well, this, by the way, is a farm robbery rather than a bank robbery. But nevertheless, we're dealing with a situation where under the legislative history, the Department of Health is particularly concerned with the dispensing of drugs in pharmacies. And we suggest that grabbing drugs from the hand of a pharmacist would be sufficient under the statute to cause the intimidation necessary. And that would, we submit, not necessarily require a specific intent. Now, it is true that there is a more defined person here. But by the same token, somebody charged with drunk driving could equally be charged when there is a specific victim involved in the drunk driving, whether it be a victim in another vehicle or the victim in the defendant's own vehicle. And so although there's a difference, I don't think it is a material difference in terms of the case law and that the kind of recklessness which is permitted to sustain a conviction would be less than what is required to charge a violent felony. All right. Any additional questions? Do you have anything further you would like to add, Counselor? No. Just to go back, again, to the first point with respect to the New Hampshire robbery and the Goodrum case which you referred to, there is nothing in New Hampshire case law which in any way adopts or incorporates the notion that the defendant has to overcome the resistance of the victim. And I just want to emphasize the fact that being aware, as was the defendant in Stark, or the victim in Stark, of the use of force is and can be satisfied by a much lesser degree of force than overcoming the defendant's actual resistance. And that, finally, to the extent that there's any ambiguity as to the degree of force required by the New Hampshire robbery statute, the rule of lenity requires this court to resolve the ambiguity in favor of the more lenient punishment and to vacate the enhancement of Mr. Bullinger's sentence under the ACCA. With that, I will close and rely upon the arguments in our brief. And I thank you very much. Thank you, Counselor. Thank you. Would Attorney A-Frame please unmute his microphone and his video? Thank you, Judge. We're all set. Okay. Attorney A-Frame, could you please identify yourself for the record? Seth A-Frame for the United States. And are you ready to proceed? I am. Thank you, Your Honor. So, Your Honor, this case requires this court to apply Stoeckling v. United States to the New Hampshire robbery statute, as I think just became clear from the prior discussion. This was a harder case when it was before the district court because Stoeckling had not been decided. So, this was decided only with the gloss of the first Johnson case. But I think Stoeckling makes this case more straightforward. Stoeckling said that common law robbery is ACCA violent felony. And New Hampshire robbery is common law robbery. And there are multiple ways we can know that. First, the legislative history expressly says this was New Hampshire's robbery statute was an attempt to codify common law robbery, which makes it different from Massachusetts and Maine that have broader robbery statutes. That legislative history goes on to discuss what is and is not robbery. And it specifically says that the statute does not capture the pickpocket, but rather the situation where the victim is thrown to the ground by the thief, but suffers little actual physical injury. And if we look at Stoeckling, what the Supreme Court is discussing there are similar kinds of conduct that constitute robbery. Pulling a diamond pin out of a woman's hair, but doing so tore away the hair attached to the pin. Breaking the chain of a watch or a purse when stealing it. So there's a middle case. And to me, that's the hard question is I read our precedent. There's the pickpocket who no one detects. That obviously is not enough. There is yanking the chain where the use of force is sufficient to overcome resistance. That is enough. Then there's snatching the purse from the hand, which is not enough to overcome resistance, but is enough to make you aware of what happened. OK, so that is not enough. So the question for me in this case is in New Hampshire is snatching the purse out of the hand without using force enough to overcome resistance, but doing it enough to make the person aware of it. Is that enough to constitute robbery? So in Goodrum, which is the New Hampshire Supreme Court case on the topic, it said it is clear that a pickpocket who snatches a wallet without without using force of which the victim is aware has committed a theft, but not a robbery. Now, you're asking, well, what if the victim is aware? All right. And so in Goodrum itself, the way the court sets up the question is the question this case presents is whether it's the legal question of when a bump, shove, or push becomes force sufficient to constitute a robbery. So in the facts of that case, the person was either bumped or shoved. I would assume one would be aware of either of those kinds of actions. A bump is more of an accidental thing. A shove is something more intentional, subject to trying to overcome resistance. And the court said the evidence would support the jury's conclusion that it was a shove, not merely a bump. But a bump would still be a, you would recognize that you were bumped. Even though, so it doesn't have to be fear in which you're totally unaware. The court talks about- But what about a snatch and you're aware? Right. So I think Goodrum is presenting a scenario where the person's aware because they were either bumped or shoved. One would be aware of either- What about a snatch? A snatch of which you are aware. You're going to be aware your purse is gone the minute it's snatched. But so is that enough? You're holding it lightly in your hands and they grab it from you. So I'm totally aware of it. I'm even dazed by it, as we said in one of our cases. But we said that's not enough. So the legislative history says that it does not criminalize the kind of jostling that is designed to prevent resistance of the taking, but would still normally be considered in the realm of a pickpocket or a snatch. So I think recognizing there's going to be some physical contact. Do you agree that if it's a snatch that you're aware of, it's covered by the statute? Do I think that every snatch of which you're aware of is covered by the statute? No, that's not what I asked. No, sorry. Did I say, is any snatch of which you are aware, even if the snatch is done without the kind of force that would overcome your resistance, is that covered or not? I would say no. New Hampshire is attempting to codify common law robbery, which requires sufficient force to overcome resistance, which is a small amount of force. So pulling the strap off of someone's shoulder, it's on their shoulder probably for many reasons, but one is to keep it there. And so by pulling it off, you're overcoming it. So five minutes remaining. Can I ask you just a puzzle I have about the text of the statute, if your reading is right? The force necessary to overcome resistance, it seems just a little strange to me that you would then have a separate element requiring awareness. Because I would have thought the force sufficient to overcome resistance would be a kind of force of which you'd be aware. Seems more natural to read it as the kind of force that's a mere touching, would necessitate if you wanted to limit that, a separate requirement of awareness, which is how the statute reads. But I think, so if you look, I mean, when you look at Stokely, the hair, right, the takes hair with it, right? There was no, the person's aware of that. And what's the resistance? That they had the pin in their hair. They didn't do anything else other than to have the pin in their hair. The person has the purse on their shoulder. They know the person pulled it away. They ripped it off their shoulder. That's overcoming resistance. So what's not overcoming resistance is if I picket pocket you, and you may feel something, I guess, in your back pocket. That's the jostling. But you don't really know what's happening. And I get your wallet. I haven't overcome resistance. But if I pull your purse off your shoulder, or I pull the diamond pin out of the hair, I have overcome the resistance. And so it's a hard case is the snatching the purse out of the hand, not over the shoulder. But still the person's holding it to keep possession of it. And you have pulled it out. And if they are aware of that. We said that's not enough. I would say that that is enough if you have pulled it out of their hand. Because the resistance is the holding. We've held to the contrary. We've held that is not the level of force that can constitute a violent felony. So New Hampshire has to criminalize something more aggressive than that in order to accord with our precedent. That's what I'm asking. And so it says in this legislative history, its goal is to criminalize common law robbery. It then says what we don't want to catch is the pickpocket, the jostling that accompanies the pickpocket. And then it says a bump is not enough. A shove is. What's the difference between the shove and the bump? The shove is the attempt to remove the person from the property where the bump is an accidental contact associated with the taking. And that's the distinction that we don't have a lot of materials. But those are the materials. And I think that's what they show. And I think it's significant when you look at what the Supreme Court says counts. And you look at New Hampshire saying that's what we're trying to do. And then they talk about Illinois in Goodrum. And they say, well, Illinois, which is like our statute, grabbing the purse from the fingertips, not enough. But pushing somebody down is enough. Or pushing them against the garage is enough. So that's the distinction that we're talking. So to the extent New Hampshire saying we agree with Illinois, your circumstance grabbing it from the fingertips, not enough. Those are the materials that sort of exist around the question. And so I do think that in light of Stokeling, in light of Goodrum, in light of the discussion of Illinois, and in light of the legislative history, the best reading of New Hampshire's law is it captures common law robbery. And that's what Stokeling says is enough. Do you want to just address the pharmacy robbery issue and the mens rea question that he raised? Sure. So as I understood Ellison relying on Carter, that to commit robbery, and the pharmacy robbery uses the same language as the bank robbery, you have to have knowledge that your actions are objectively intimidating. And so what I understood Ellison to say is, given that even as you described it, Judge Barron, there's going to be a direct confrontation with a person. That if you knowingly engage... Ellison, the defendant, argued that knowledge did not travel in that way, said that there was no mens re at all. We rejected that argument. The new argument now being raised is, even if knowledge travels to the intimidation element, that still just creates a mens re of recklessness with respect to the risk of bodily harm or the fear of bodily harm. And I guess what I thought was Carter said no to that, that the knowledge extended to all the parts that made it robbery. But that what the new argument is, even if that's true, that simply means your mens re with respect to the fear of bodily harm you're inducing in someone is recklessly induced because it's just objective knowledge that that could happen. It's not intentional that I want to put you in fear of bodily harm. It's just I know my actions may create that bodily harm fear.  So the defendant is saying that's just a recklessness mens re. And then he says under Whitley, we've said recklessness is not enough of a mens re as to that risk in order to fall within the violent felony. So what is your answer to that? And your response was the difference between what Whitley was dealing with and what robbery is dealing with is the one-on-one confrontation to take directly from another. I mean, you engaged in purposeful conduct that was intimidating and you did it to another person. And so that you knew that those actions and you have to know that the actions were objectively intimidating. It doesn't mean your purpose was to intimidate, but you have to know they were objectively intimidating. And I think that's enough. That's time. Thank you, Counselor. Thank you, judges. That would be the end of arguments in this case. And we can conclude this session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect the meeting.